IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# CASE MANAGEMENT TRACK DESIGNATION FORM

Keenan YOUNG : CIVIL ACTION
:
v. :
THE CITY OF PHILADELPHIA, et. al. : NO.
:

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( **X** )

| 12/12/2013 | Richard J. Fuschino, Jr. | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-568-1442 | 215-568-1449 | fuschino@verizon.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 5201 Chancellor Street, Philadelphia, PA
Address of Defendant: 1515 Arch Street Philadelphia, PA

Place of Accident, Incident or Transaction: Philadelphia, PA

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No✔

---

Does this case involve multidistrict litigation possibilities? Yes☐ No✔

*RELATED CASE, IF ANY*:
Case Number: ______ Judge ______ Date Terminated: ______
Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No✔
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No✔
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No✔
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No✔

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ✔ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify) ______

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify) ______

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Richard J. Fuschino, Jr., counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** **12/12/2013** [signature] Attorney-at-Law **206094** Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** **12/12/2013** [signature] Attorney-at-Law **206094** Attorney I.D.#

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS

Keenan Young
5201 Chancellor St Philadelphia PA

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard J. Fuschino, Jr.
1600 Locust St. Philadelphia PA 19103

## DEFENDANTS

City of Philadelphia
1515 Arch Street Philadelphia PA 19103

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ - Employment
- ☐ 446 Amer. w/Disabilities Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(*Do not cite jurisdictional statutes unless diversity*)**:
42 U.S.C. § 1983 and 1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments

Brief description of cause:
False Arrest, False Imprisonment, Malicious Prosecution

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 12/12/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

RICHARD J. FUSCHINO, JR.
Attorney ID 206094
Counsel for Plaintiff, Keenan YOUNG
1600 Locust Street
Philadelphia, PA 19103
215-568-1442

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Keenan YOUNG,** <br> **Plaintiff** <br><br> **v.** <br><br> **THE CITY OF PHILADELPHIA, POLICE OFFICER AMIR WATSON, BADGE NO. 4813 POLICE OFFICER GREGORY DIXON, BADGE NO. 6884 AND POLICE OFFICERS JOHN DOE NUMBERS 1 THRU 10, BADGE NUMBERS UNKNOWN,** <br> **Defendants** | : | **CIVIL ACTION** <br><br> **No: 13-CV-____________** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

I. PRELIMINARY STATEMENT

1. This is a civil rights action filed by Keenan YOUNG pursuant to 42 U.S.C. § 1983, alleging that the plaintiff was denied the right to remain free from unwarranted search and seizure of his person and vehicle by Philadelphia Police Officers Amir Watson, badge no. 4813 and Gregory Dixon, badge no. 6884, while traveling on Greenway Avenue in Philadelphia and thereafter subjected to False Arrest and False Imprisonment in violation of the Equal Protection Clause of the United States Constitution, Fourth Amendment, the Fourteenth Amendment, and the Pennsylvania Constitution Article I, Section 1.

II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983, 1985, and 1988, 28 U.S.C. §§ 1331 and 1343(1),(3), and (4), and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the Pennsylvania Constitution, and under the Common Law of the Commonwealth of Pennsylvania. Plaintiff further invokes supplemental jurisdiction of this honorable Court to hear and decide claims arising under state law.

III. PARTIES

3. Plaintiff, Keenan YOUNG (hereinafter "Plaintiff," or "Mr. YOUNG.") is a United States Citizen and a resident and citizen of the Commonwealth of Pennsylvania, 5021 Chancellor Street, Philadelphia, Pennsylvania.

4. Defendant, City of Philadelphia (hereinafter "the City"), is a City of the First Class in the Commonwealth of Pennsylvania and a municipal corporation duly existing and organized under the laws of Pennsylvania with offices for service at 1515 Arch Street, Philadelphia, PA 19102. At all times relevant hereto, Defendant, City of Philadelphia, operated under the color of state law in creating and maintaining a Police Department and was the employer of all of the Police Officer defendants in this action.

5. Defendant, Police Officer Amir WATSON, badge no. 4813 (hereinafter "P.O. Watson"), was at all times relevant to this Complaint an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such a capacity as the agent, servant, and/or employee of the Defendant City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of

Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinance, regulation, customs, practices, and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

6. Defendant, Police Officer Gregory DIXON, badge no. 6884 (hereinafter "P.O, Dixon"), was at all times relevant to this Complaint an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such a capacity as the agent, servant, and/or employee of the Defendant City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinance, regulation, customs, practices, and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

7. Defendants John Doe Number 1 thru 10, are factitious names of individuals heretofore unascertained that were at all times relevant to this Complaint Officers of the Police Department of Defendant, City of Philadelphia, and were acting in such a capacity as the agent, servant, and/or employee of the Defendant City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and were acting pursuant to either official policies, statutes, ordinance, regulation, customs, practices, and usages of the City of Philadelphia and its Police Department. They are being sued in both his individual and official capacities.

8. At all times material and relevant to this Complaint, Defendant, City of

Philadelphia, did act through its agents, employees, owners, representative agents, and/or employees while in the course and scope of their employment and/or agency.

9. At all times referred to herein, Defendants acted under the color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania, the City of Philadelphia, and the Police Department of the City of Philadelphia, and pursuant to their authority as police officers of the City of Philadelphia and its Police Department.

IV. FACTS

10. On or about December 12, 2011, at approximately 10:22 p.m., Plaintiff, Keenan YOUNG, was driving in the vicinity of Greenway Avenue and 52nd Streets, in the city and county of Philadelphia when Defendants WATSON and DIXON initiated a traffic stop for an alleged "vehicle investigation."

11. Defendants DIXON and WATSON claim that during their investigation the could smell "the odor of burned marijuana" inside the vehicle.

12. Defendants DIXON and WATSON then arrested Mr. YOUNG and transported him to the Police Detention Unit (PDU) to withdraw blood.

13. Prior to transport, Mr. YOUNG, was searched for contraband with negative results. His vehicle was searched with negative results.

14. On January 7, 2013, Mr. YOUNG's criminal matter was withdrawn. Mr. YOUNG had remained in custody for the duration.

15. Upon information and belief, Defendant DIXON was directly involved in 132 arrests in 2011, 103 of which were for Driving Under the Influence (DUI). This

represents over 77 *per cent* of Defendant DIXON's total arrests for 2011.

16. Upon information and belief, prior to partnering with Defendant DIXON, Defendant WATSON's DUI arrests comprised roughly 22 *per cent* of his total arrests. After partnering with Defendant DIXON, Defendant WATSON's DUI arrest rate rose to over 70 *per cent.*

17. A review of 40 of Defendant DIXON's DUI arrests reveal that in 39 instances, Defendant DIXON's justification for arrest was a smell of burnt marijuana, red, bloodshot, or glassy eyes, and the suspect's speech was affected.

18. Moreover, the police paperwork in these cases is often nearly identical in that it reflects the following pattern: A suspect is stopped for an alleged motor vehicle violation; the suspect is alleged to have the smell of burnt marijuana, blood shot eyes, and slurred speech; the suspect is then arrested.

19. Despite the alleged odor of burnt marijuana in the aforementioned cases, Defendants DIXON and WATSON do not recover any burnt marijuana, marijuana cigarettes, lighters, rolling papers, or see any smoke or smoking; in two cases the Defendants recover a small amount of fresh (unburned) marijuana.

20. Blood test results in those 40 cases show either no marijuana or extremely low rates of marijuana that are not consistent with use in close time to the blood draw.

21. Because blood tests are not immediately available, the suspect is charged.

22. The aforesaid assault, battery, false arrest, false imprisonment, and infliction of emotional distress of plaintiff by defendants was carried out unlawfully,

negligently, maliciously, and/or intentionally.

23. As a direct and proximate result of the negligent, intentional, unlawful, reckless, and malicious acts described above, committed by the individual Defendants, under color of law under their authority as police officers of the City of Philadelphia, and while acting in the course and scope of their employment and pursuant to authority vested in them by the Defendant, the City of Philadelphia, caused plaintiff to be falsely accused, falsely imprisoned, maliciously prosecuted, and to suffer other injuries.

24. As a further result of this incident, plaintiff has and may suffer severe actual loss of his gross income.

25. As a further result of this incident, plaintiff has and may suffer impairment of his earning capacity and power.

26. As a direct and reasonable result of this incident, plaintiff has or may hereafter incur other financial expenses and losses.

**FIRST CAUSE OF ACTION**

**FEDERAL CIVIL RIGHTS VIOLATIONS**

27. The allegations set forth in paragraphs one through 26 inclusive, are incorporated herein as if fully set forth.

28. As a direct and proximate result of all Defendants' conduct, committed under the color of state law, Defendant deprived Plaintiff of rights, privileges, and immunities under the law and the Constitution of the United States; Plaintiff's right to be free from unreasonable searches and seizures, excessive force, false arrest, false imprisonment, malicious prosecution, verbal abuse, to be secure in one's

person and property, and to due process and equal protection of law. As a result, Plaintiff suffered and continues to suffer harm in violation of Plaintiff's rights under the laws and Constitution of the United States, in particular the First, Fourth, Fifth, Sixth, and Fourteenth Amendments thereof, and 42 U.S.C. § 1983 and 1985.

29. As a direct and proximate result of the acts and ommission of all Defendants, Plaintiff endured pain, suffering, emotional harm and financial losses, and was deprived of liberty and property, all to Plaintiff's detriment and loss.

30. The City of Philadelphia has encouraged, tolerated, ratified, and has been deliberately indifferent to the following patterns, practies, and customs, and to the need for more or different training, supervision, investigation in the areas of:

a. the abuse of police powers, including but not limited to excessive force, unlawful detention, false arrest, and false imprisonment;

b. the failure of police officers to follow established policies and procedures regarding the completion of police paperwork;

c. the failure of the Philadelphia Police Department to maintain proper police reports, including the identity of police eyewitness information;

d. the failure of police officer to prevent, deter, report, or to take action against the unlawful conduct of other officers under such circumstances as presented herein.

31. Defendant, the City of Philadelphia, failed to properly sanction or discipline officers who are aware and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other police officers, thereby causing

and encouraging police, including the individual Defendants, to violate the rights of citizens such as Plaintiff.

32. By these actions, all Defendants, acting in concern and conspiracy, have deprived Plaintiff of rights secured by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983 and 1985.

## SECOND CAUSE OF ACTION

## STATE LAW CLAIMS

33. The allegations set forth in paragraphs one through thirty-two inclusive are incorporated herein as if fully set forth.

34. The acts and conduct of all Defendants alleged in the above cause of action constitute assault and battery, false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, intereference with state constitutional rights, negligence, gross negligence, and negligent hiring, training, retention, and supervision under the law of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate those claims.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees and costs:

d. Such other and further relief as appears reasonable and just;

e. Plaintiff demands a jury trial as to each Defendant and as to each count.

Richard J. Fuschino, Jr.
Counsel for Plaintiff
1600 Locust Street
Philadelphia, PA 19103
215-568-1442